(64 Misc. Rep. 439.)

### In re CLEMENT, State Excise Com'r.

(Supreme Court, Special Term, Ontario County.   September, 1909.)

INTOXICATING LIQUORS (§ 106*)—REVOCATION OF LICENSE—EVIDENCE.

It is no defense, to a proceeding for the cancellation of a liquor tax license for permitting a person under 18 years of age to serve liquors, that the holder of the certificate did not knowingly commit such violation of the law.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 115; Dec. Dig. § 106.*]

Petition of Maynard N. Clement, State Commissioner of Excise, for revocation of liquor certificate issued to Martin Muldoon.   Certificate revoked.

Russel Headley (Horace W. Fitch, of counsel), for petitioner.

Wynkoop & Rice (Geo. D. Peck, of counsel), for respondent.

BENTON, J.   It is established from the evidence in this case that Harold J. Robinson was employed by Martin Muldoon, that he was under the age of 18 years, and that the said Martin Muldoon did permit him, Harold J. Robinson, to serve liquors upon the premises, in violation of subdivision "f" of section 30 of the liquor tax law (Consol. Laws, c. 34).   I also find that the said Martin Muldoon did not knowingly, purposely, or with knowledge violate the said provision of the law.   This, however, is not a defense.   The act is made prohibitive, and it is mandatory, regardless of intent, that the person authorized to traffic in liquors shall not permit a minor under 18 years of age to serve any upon the premises.   Martin Muldoon was authorized to traffic in liquors, and he did permit this minor, Harold J. Robinson, being under 18 years of age, to serve liquor upon the premises.

Hence the allegation of the petition is established, and judgment must be decreed accordingly.   Proper papers may be drawn and submitted therefor.

Judgment accordingly.